1  JEFFREY E. FAUCETTE (No. 193066)
   SKAGGS FAUCETTE LLP
2  One Embarcadero Center, Suite 500
   San Francisco, California 94111
3  Telephone: (415) 315-1669
   Facsimile:  (415) 433-5994
4  E-mail: jeff@skaggsfaucette.com

5  Attorneys for Petitioner KEVIN COCHRANE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN COCHRANE, an individual,<br><br>         Petitioner,<br><br>v.<br><br>OPEN TEXT CORPORATION, a Canadian corporation and OPEN TEXT INC., a Delaware corporation,<br><br>         Respondents. | Case No.: 4:15-CV-01234-DMR<br><br>**PETITIONER KEVIN COCHRANE'S FIRST AMENDED PETITION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT AGAINST RESPONDENTS OPEN TEXT CORPORATION AND OPEN TEXT INC.**<br><br>**[Federal Arbitration Act ("FAA"), 9 U.S.C. §§1 *et seq.*]** |

Petitioner Kevin Cochrane hereby petitions this Court to confirm the March 10, 2015 Final Award issued by the arbitrator William Karl Wilburn acting under the auspices of the International Centre for Dispute Resolution. Cochrane also requests this Court to enter judgment on the Final Award, and grant such other relief as necessary to enforce the Final Award:

## THE PARTIES

1. Petitioner Kevin Cochrane is an individual and a resident of San Francisco, California.

2. Respondent Open Text Corporation is a corporation incorporated under the laws of Canada with the address of 275 Frank Tompa Drive, Waterloo, Ontario, Canada N2L 0A1.

3. Respondent Open Text Inc. is a wholly-owned subsidiary of Open Text Corporation and is incorporated under the laws of the State of Delaware with the address of 1301 South Mopac Expressway, Austin, Texas 78746.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332 because the Petitioner is a citizen of the State of California, Open Text Corporation is a citizen or subject of a foreign state and Open Text Inc. is a citizen of a different state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. The Court has personal jurisdiction over Respondents because they transact business in this judicial district.

6. Venue is proper in this district under 28 U.S.C. section 1391(a) and the FAA 9 U.S.C. section 9 because the subject arbitration agreement states that "[j]udgment upon the award may be entered in any court of competent jurisdiction."

## INTRADISTRICT ASSIGNMENT

7. This case is appropriate for assignment to the San Francisco Division or Oakland Division pursuant to Civil Local Rule 3-2(d) because the action arises in the county of San Francisco.

## BACKGROUND OF ARBITRATED DISPUTE

8. Respondents hired Petitioner as their Chief Marketing Officer ("CMO") in 2013, and for over 15 months he performed his duties, managed a staff of 300, and reported directly to CEO Mark Barrenechea. Respondents have an office in San Francisco, and Cochrane worked out of that office part-time during his tenure at Open Text. As is typical when hiring a "C" level employee, a thorough Employment Agreement governed the employment relationship between Cochrane and Open Text.

9. After Cochrane's voluntary decision to resign from Open Text, Open Text refused to pay to Cochrane all of the "Accrued Payments" due to him pursuant to the Employment Agreement.

10. The Employment Agreement included an Arbitration provision which states as follows:

> If there is a disagreement or dispute between the parties with respect to this Agreement or the interpretation thereof, such disagreement or dispute will be referred to binding arbitration to be conducted by a single arbitrator, if Executive and the Corporation agree upon one, otherwise by three arbitrators appointed as hereinafter set out, pursuant to the American Arbitration Association's (the "AAA") rules governing commercial arbitration in effect at the time of the arbitration, except as modified herein. A party who wishes to arbitrate shall give written notice of such intention to the other party (a "Notice of Intention"). The arbitrator shall be appointed by agreement by agreement of Executive and the Corporation or, in default of agreement within ten (10) Business Days of service of the Notice of Intention, each of Executive and the Corporation shall within five (5) Business Days of the expiry of the aforesaid ten (10) Business Day period, select one arbitrator and notify the other of its selection, with the third arbitrator to be chosen by the first two named arbitrators within five (5) Business Days of the expiry of the aforesaid five (5) Business Day period. If one of the parties does not so notify the other of its selection within the prescribed time, then the arbitrator selected by the other party in accordance with the above procedure shall be the sole arbitrator. The arbitration shall be held in the State of Delaware. The procedure to be followed shall be as agreed by the parties or, in default of agreement, determined by the arbitrator(s), provided, however, that depositions or examinations for discovery will not be allowed but information may be exchanged by other means. The parties will use their best efforts to ensure that the arbitration hearing is conducted no later than sixty (60) days after the arbitrator is, or arbitrators are, selected. The final decision of the arbitrator or arbitrators or any two of the three arbitrators will be furnished to the parties in writing and will constitute a conclusive determination of the issue in question, binding upon the parties, without right of appeal. The fees and expenses of the arbitration shall be in the discretion of the arbitrator(s). Judgment upon the award may be entered in any court of competent jurisdiction.

11. This dispute arose due to Respondents' failure to make payments to Cochrane required by the Employment Agreement.

## THE ARBITRATION PROCEEDINGS

12. On August 20, 2014, Cochrane submitted a Demand for Arbitration to the American Arbitration Association pursuant to the terms of the Arbitration clause in the Employment Agreement and served the demand on Respondents. Due to the fact that Respondent Open Text Corporation is a Canadian corporation, AAA transferred the arbitration to the International Centre for Dispute Resolution ("ICDR").

13. On November 7, 2014, the ICDR issued a letter appointing William Karl Wilburn as the sole arbitrator in the arbitration. The parties agreed to the appointment of Mr. Wilburn as the sole arbitrator.

14. On December 9, 2014, Respondents' filed and served their Response to Cochrane's Demand for Arbitration.

15. On January 2, 2015, the Arbitrator issued Order No. 1 in the Arbitration setting out the timing and location of the arbitration hearing, the schedule for pre-hearing submissions, and other procedural matters. Prior to the arbitration hearing, the parties submitted briefing and declarations pursuant to Order No. 1.

16. On February 11, 2015, the parties attended the arbitration hearing and presented testimony and other evidence.

17. The Arbitrator actively participated in the hearing, questioning the respective counsel for the parties as well as some of the witnesses. The Arbitrator considered all of the evidence and argument in rendering his Final Award.

18. On March 10, 2015, the Arbitrator served on the parties the Final Award in the arbitration finding in favor of Cochrane in all respects and awarding Cochrane (a) $438,000 plus pre-Award interest from August 14, 2014 and post-Award interest at the rate of 6% and (b) administrative fees and expenses of $14,556.87. A true and correct copy of the Final Award is attached hereto as Exhibit A.

19. The Final Award is in all respects proper, and there are no legitimate grounds under 9 U.S.C. section 10 for Respondents to contest or seek to vacate the Final Award. Accordingly, an order and separate court judgment confirming the Final Award should be granted.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that the Court:

A. Enter an Order confirming the Arbitrator's March 10, 2015 Final Award;

B. Enter Judgment against Respondents, jointly and severally, in conformity therewith and ordering Respondents' compliance with the Final Award;

C. Award Petitioner his costs incurred herein;

D. Retain jurisdiction for the purposes of further proceedings necessary to enforce this Court's Judgment; and

E. Grant such other and further relief as this Court deems appropriate.

Dated: March 30, 2015          SKAGGS FAUCETTE LLP

By:  /s/
Jeffrey E. Faucette
Attorneys for Petitioner KEVIN COCHRANE

