COOLEY LLP
PATRICK GUNN (172258)
(pgunn@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

CLEARY GOTTLIEB STEEN & HAMILTON LLP
JEFFREY ROSENTHAL (*pro hac vice*)
(jrosenthal@cgsh.com)
DARRYL STEIN (*pro hac vice*)
(dstein@cgsh.com)
One Liberty Plaza
New York, NY 10006
Telephone:    (212) 225-2000
Facsimile:    (212) 225-3999

Attorneys for Respondents
OPEN TEXT CORPORATION and
OPEN TEXT Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN COCHRANE, an individual,<br><br>Petitioner,<br><br>v.<br><br>OPEN TEXT CORPORATION, a Canadian corporation and OPEN TEXT INC., a Delaware corporation,<br><br>Respondents. | Case No. 4:15-cv-01234-WHA<br><br>**ANSWER TO FIRST AMENDED PETITION TO CONFIRM ARBITRATION AWARD**<br><br>Courtroom:   8 – 19th Floor<br>Judge:         Hon. William Alsup<br><br>Petition Filed: March 30, 2015 |

On behalf of Respondents Open Text Corporation and Open Text Inc. (collectively, "Respondents"), by and through their undersigned attorneys Cleary Gottlieb Steen & Hamilton LLP and Cooley LLP, hereby answer Petitioner Kevin Cochrane's First Amended Petition to Confirm Arbitration Award and Enter Judgment Against Respondents Open Text Corporation and Open Text Inc., dated March 30, 2015 (the "Petition"), and state as follows:

## THE PARTIES

Respondents state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, except that they admit that Petitioner is an individual.

Respondents admit the allegations in paragraph 2.

Respondents admit the allegations in paragraph 3.

## JURISDICTION AND VENUE

Paragraph 4 states legal conclusions to which Respondents need not respond, except Respondents admit that the amount in controversy exceeds $75,000.00. To the extent any further response to these allegations is necessary, Respondents deny them and refer to their responses in paragraphs 1, 2, and 3.

Paragraph 5 states legal conclusions to which Respondents need not respond. To the extent any response to those allegations is necessary, Respondents deny them, except admit that Open Text Inc. transacts business in this judicial district.

Paragraph 6 states legal conclusions to which Respondents need not respond. To the extent any response to those allegations is necessary, Respondents deny them and refer to the entirety of the Employment Agreement for its complete contents.

## INTRADISTRICT ASSIGNMENT

Paragraph 7 states legal conclusions to which Respondents need not respond. To the extent any response to those allegations is necessary, Respondents deny them.

## BACKGROUND OF ARBITRATED DISPUTE

Respondents deny the allegations in paragraph 8, except admit that that Petitioner reported to Respondents' Chief Executive Officer and aver that Petitioner was hired as Respondents' Chief Marketing Officer; that Petitioner served in that role from February 2013 until May 2, 2014; that

1  Petitioner executed an employment agreement dated December 5, 2012; that Petitioner had
2  certain management responsibilities; and that Open Text Inc. has an office in San Francisco,
3  California.

4  Paragraph 9 states legal conclusions to which Respondents need not respond. To the
5  extent any response to those allegations is necessary, Respondents deny them, except that
6  Respondents admit that Petitioner voluntarily decided to resign from Open Text.

7  Respondents deny the allegations in paragraph 10 and refer to the entirety of the
8  Employment Agreement for its complete contents.

9  Respondents deny the allegations in paragraph 11.

## THE ARBITRATION PROCEEDINGS

Respondents state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, except admit that Petitioner sent a demand for arbitration to counsel for Respondents on August 20, 2014.

Respondents state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, except admit that Respondents agreed to the appointment of Mr. Wilburn as the sole arbitrator without waiving any jurisdictional objection.

Respondents admit the allegations in paragraph 14.

Respondents deny the allegations in paragraph 15, except admit that the Arbitrator issued Order No. 1 and refer to the entirety of Order No. 1 for its complete contents and that Respondents' submissions were made pursuant to Order No. 1.

Respondents admit the allegations in paragraph 16.

Respondents deny the allegations in paragraph 17.

Respondents deny the allegations in paragraph 18, except aver that the ICDR served the Final Award on Respondents on March 10, 2015, admit that Exhibit A is a true and correct copy of the Final Award and refer to the entirety of the Final Award for its complete contents.

Respondents deny the allegations in paragraph 19.

## **PRAYER FOR RELIEF**

Answering Petitioner's prayer for relief, Respondents deny that Petitioner is entitled to relief against Respondents.

## **AFFIRMATIVE DEFENSES**

1. The Petition fails to state a claim upon which relief can be granted.

2. The Award may not be confirmed because the award must be vacated, modified, or corrected as prescribed in Section 10 of the Federal Arbitration Act. 9 U.S.C. § 10.

Dated: April 24, 2015

CLEARY GOTTLIEB STEEN & HAMILTON LLP
JEFFREY ROSENTHAL (*pro hac vice*)
DARRYL STEIN (*pro hac vice*)

COOLEY LLP
PATRICK GUNN (172258)


*/s/ Patrick Gunn*
Patrick Gunn (172258)
Attorneys for Respondents
OPEN TEXT CORPORATION and
OPEN TEXT Inc.