# EXHIBIT 3



275 Frank Tompa Drive
Waterloo, ON N2L 0A1
Canada

Private & Confidential

May 2, 2014

Kevin Cochrane

Dear Kevin**:**

This letter agreement (the "Agreement") confirms our discussion at which time you notified the Corporation (as defined below) of your voluntary termination on April 14, 2014. Notwithstanding the notice requirements in Section 14(a) of the Employment Agreement among Open Text Corporation, a corporation incorporated under the laws of Canada (the "Parent Corporation"), Open Text Inc., a wholly-owned subsidiary of the Parent Corporation incorporated under the laws of the State of Delaware (the "Corporation") and Kevin Cochran dated December 5, 2012 (the "Employment Agreement"), you agree that the notice you provided satisfies the terms of the Employment Agreement for providing notice of your Executive Voluntary Termination from the Company.

**1.  Employment Agreement**
Except as provided herein, the terms and conditions of the Employment Agreement shall govern the obligations of the parties with respect to your Separation from Service. Capitalized terms used herein shall have the mean ascribed to such terms in the Employment Agreement. The period from April 14, 2014 to the July 14, 2014 (Date of Separation from Service) inclusive shall serve as the advance notice period to the Employer of (90) days referenced in Section 4(d) of the Employment Agreement.

Your official last day worked with the Corporation will be May 2, 2014. However, you agree to cooperate and make yourself available on as as-needed basis as reasonably determined by executives of the Parent Corporation or Corporation to assist in the transition of your duties and responsibilities to your replacement.

**2.   Accrued Payments**
Subject to executing the General Release, you will receive the Accrued Payments as provided in Section 6(c) of the Employment Agreement, except that any and all rights you may have with respect to any Variable Compensation shall be determined as follows:
   (a) You will only receive Variable Compensation only if it is approved by the Board of Directors for all employees; and
   (b) If Variable Compensation is payable pursuant to subsection (a), you will receive the lesser of (i) the actual percentage payout and (ii) the target of 100%, which shall be prorated for the period from July 1, 2013 through May 2, 2014.

**3. General Release**
In exchange for the Corporation providing you with the Accrued Payments and other good and valuable consideration set forth herein, you agree that, you will execute the General Release attached hereto). The General Release must be signed by you and returned to the address indicated below on the last day worked or within five (5) days from the last day worked.

**California Residents Only:**
You acknowledge that you are familiar with Section 1542 of the California Civil Code, which reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

You acknowledge and agree that all rights you may have under Section 1542 of the California Civil Code, or under any other statute or common law principle of similar effect, are hereby waived by you.

**4. Miscellaneous Provisions**

(a)   You acknowledge that you have carefully read and fully understand this Agreement, and have knowingly and voluntarily entered into this Agreement freely and without coercion.  You also acknowledge that the Parent Corporation or Corporation advised you to consult with an attorney before signing this Agreement and also advised you, that you had twenty-one (21) calendar days from the date on this letter within which to consider this  Agreement. You further acknowledge that you have seven (7) calendar days from the date this Agreement is executed in which to revoke your acceptance of this Agreement, and that this Agreement will not be effective or enforceable until that seven -day period has expired.  In order to revoke this agreement within the seven-day period after its execution, you must deliver a written letter of revocation to Manuel Sousa, Sr. VP, Global Human Resources, 275 Frank Tompa Drive, Waterloo, Ontario, Canada, N2L 0A1. The payments and benefits provided for in this Agreement will not commence until the expiration of this seven-day period, provided this Agreement has not been revoked.

(b)   Except as provided herein and the applicable terms of the Employment Agreement, this Agreement sets forth the entire agreement between you, the Parent Corporation and the Corporation, and fully supersedes any and all prior representations concerning the terms or conditions of your Separation of Service.

**5. Amendment**

This Agreement may not be altered, amended, or modified except in writing signed both by you, the Parent Corporation and the Corporation.

**5. Severability**

If any provision of this Agreement is found by a court to be invalid or unenforceable, in whole or in part, then such provision shall be construed and/or modified or restricted to the extent necessary to render it valid and enforceable, or shall be deemed excised from this Agreement, as the case may require.

**6. Applicable Law**

This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, and any court action commenced to enforce this Agreement shall have as its sole and exclusive venue Delaware.

*Remainder of page intentionally left blank*

Please read this Agreement and carefully consider all of its provisions before signing it.  This Agreement contains a release of all known and unknown claims, including those under federal, state, and local laws prohibiting discrimination in employment.

Please sign and return the enclosed copy of this Agreement and General Release to signify your acceptance of the terms and conditions it contains.

Very truly yours,


Manuel Sousa
SVP, Global Human Resources

I have read this Agreement and General Release and accept it as a binding document between me, the Parent Corporation and the Corporation.

Accepted: _____            Date: _____
                    Kevin Cochrane


Witness:     _____            Name: _____
(Required)   Signature                                    Printed


Attached: GENERAL RELEASE

# GENERAL RELEASE

**1. Release of Claims and Waiver of Rights.**
(a) In consideration of any payments and benefits being provided to me under Section 6(c) of the employment agreement (the "Employment Agreement") dated December 5, 2012, as it may have been amended to the date hereof, among me, Open Text Corporation (the "Parent Company") and Open Text Inc. (the "Corporation")  (collectively, the Parent Corporation and the Corporation shall be defined as the "Company"), those payments and benefits being good and valuable consideration, the adequacy and sufficiency of which are acknowledged by me (the "Payments"), I, Kevin Cochrane, hereby release, remise and acquit Company, its present and past parents, subsidiaries and affiliates, their successors, assigns, benefit plans and/or committees, and their respective present or past officers, directors, managers, supervisors, employees, shareholders, attorneys, advisors, agents and representatives in their individual and corporate capacity, and their successors and assigns (the "Releasees"), from, and hold them harmless against, any and all claims, obligations, or liabilities (including attorneys, fees and expenses), asserted or unasserted, known or unknown, that I, my heirs, successors or assigns have or might have, which have arisen by reason of any matter, cause or thing whatsoever related to my employment (or termination of my employment) with the Company on or prior to the date on which this General Release is signed.

(b) The terms "claims, obligations, or liabilities" (whether denominated claims, demands, causes of action, obligations, damages or liabilities) include, but are not limited to, any and all claims under any contract with the Company, claims of age, disability, race, religion, national origin, sex, retaliation, and/or other forms of employment discrimination, breach of express or implied contract, breach of employee handbook, practices or procedures, libel, slander, intentional tort or wrongful dismissal, claims for reinstatement or reemployment, arising under any federal, state, or local common or statutory law; claims for unpaid salary, commission or fringe benefits; or any other statutory claim before any state or federal court, tribunal or administrative agency, arising out of or in any way related to my employment relationship with the Company and its affiliates and the termination of that relationship. I will not file or permit to be filed on my behalf any such claim.

(c) This General Release constitutes, among other things, a waiver of all rights and claims I may have under the Age Discrimination in Employment Act of 1967 (29 U.S.C. 621, et seq.) ("ADEA"), the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, Title VII of the United States Civil Rights Act of 1964, all as amended including the amendment set forth in 42 U.S.C. § 1981 concerning damages in cases of intentional discrimination in employment and any other comparable national or state laws, all as amended, and as may be specified on or prior to the date on which this General Release is signed.

(d) Notwithstanding the preceding paragraphs (b) or (c) or any other provision of this Agreement, this General Release is not intended to interfere with my right to file a charge with the Equal Employment Opportunity Commission (the "EEOC") in connection with any claim I believe I may have against the Company or its affiliates. However, by executing this General Release, I hereby waive the right to recover in any proceeding I may bring before the EEOC or any state human rights commission or in any proceeding brought by the EEOC or any state human rights commission on my behalf. In addition, this General Release is not intended to interfere with my right to challenge that my waiver of any and all ADEA claims pursuant to this General Release is a knowing and voluntary waiver, notwithstanding my specific representation that I have entered into this General Release knowingly and voluntarily.

(e) This General Release is for any relief, no matter how denominated, including, but not limited to, injunctive relief, wages, back pay, front pay, compensatory damages, or punitive damages.

(f) This General Release shall not apply to any rights in the nature of indemnification or payments under (i) applicable law, (ii) the charter, bylaws or operating agreements of the Company, (iii) any indemnification agreement between the parties or (iv) applicable directors and officers insurance policies which I may have with respect to claims against me relating to or arising out of my employment with the Company and its affiliates or my service on their respective boards of directors, or any vested benefit to which I am entitled under any tax qualified pension plan of the Company or its affiliates, COBRA continuation coverage benefits or any other similar benefits required to be provided by statute. Furthermore, notwithstanding anything to the contrary contained in this Section 1, I do not release any of the Releasees from the Company's obligation to timely provide me with all payments and benefits to which I am entitled pursuant to the terms of the Employment Agreement, or any other obligations of the Company under the Employment Agreement.

**2. Representations and Covenants.** I hereby represent and agree to all of the following:

(a) I have carefully read this General Release.

(b) I understand it fully.

(c) I am freely, voluntarily and knowingly releasing the Releasees in accordance with the terms contained above.

(d) Before executing this General Release, I had twenty-one (21) days to consider my rights and obligations under this General Release.

(e) The period of time I had to consider my rights and obligations under this General Release was reasonable.

(f) Before signing this General Release, I was advised to consult with an attorney and given a reasonable period of time to do so and in executing this General Release have not relied on any representation or statement not set forth herein.

(g) Execution of this General Release and the General Release becoming enforceable (in accordance with paragraph (h) below) within 30 days from the date of my "separation from service" (as determined under Section 409A of the Internal Revenue Code of 1986, as amended, and the rules and regulations issued thereunder) is a condition to the Payments, which payments and benefits are in addition to anything of value to which I am already entitled to receive from the Company and its affiliates.

(h) For a period of seven (7) days following the date on which I sign this General Release, I may revoke it. Any such revocation must be made in writing and received by the Corporate Secretary of the Company, by the seventh day following the date on which I sign this General Release. The Company's obligation to pay the consideration as set forth in Section 1 above shall not become effective or enforceable until this seven (7) day revocation period has expired without my having exercised my right to revoke.

(i) There are no pending lawsuits, charges, employee dispute resolution proceedings, administrative proceedings or other claims of any nature whatsoever, that I have brought (and which are pending) against any Releasee, in any state or federal court, before any agency or other administrative body or in any other forum.

(j) I am not aware of any material violation of any laws or Company policies or procedures by a Company employee or officer that has not been reported to Company officials.

(k) If I violate my obligations under the Employment Agreement and such violation causes material harm to the Company, I understand that, in addition to other relief to which the Company may be entitled, the Company shall be entitled to cease providing the Payments and benefits provided to me pursuant to Section 1 above unless such violation is cured (if capable of being cured) within 30 days of notification by the Company to me of such violation (and, following such cure, all suspended payments shall be made in a single lump sum), and this General Release will remain in full force and effect.

(l) If I should hereafter make any claim or demand or commence or threaten to commence any action, claim or proceeding against the Releasees with respect to any matter, cause or thing which is the subject of the release under Section 1 of this General Release, this General Release may be raised as a complete bar to any such action, claim or proceeding, and the applicable Releasee may recover from me all costs incurred in connection with such action, claim or proceeding, including attorneys' fees.

(m) If any provision of this General Release is declared illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provisions will immediately become null and void, leaving the remainder of this General Release in full force and effect.

(n) This General Release shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to conflicts of laws principles.

> **Declaration.** I declare under penalty of perjury under the laws of the State of Delaware that the foregoing is true and correct.

_____          Date: _____
Kevin Cochrane


Acknowledged before me this _____

_____, NOTARY PUBLIC



275 Frank Tompa Drive
Waterloo, ON N2L 0A1
Canada

April 25, 2014

To Whom It May Concern:

This letter is to confirm that Kevin Cochrane was a full time employee of Open Text Inc. from February 4, 2013 to July 14, 2014.

Kevin held the position of Chief Marketing Officer and worked out of the San Francisco, CA, US office.

If you require additional information, please contact HR Services at 1-866-385-6847.

Sincerely,


Manuel Sousa
SVP, Global Human Resources