JEFFREY E. FAUCETTE (No. 193066)
SKAGGS FAUCETTE LLP
One Embarcadero Center, Suite 500
San Francisco, California 94111
Telephone: (415) 315-1669
Facsimile: (415) 433-5994
E-mail: jeff@skaggsfaucette.com

Attorneys for Petitioner KEVIN COCHRANE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISO DIVISION

| | |
|---|---|
| KEVIN COCHRANE, an individual,<br><br>    Petitioner,<br><br>v.<br><br>OPEN TEXT CORPORATION, a Canadian corporation and OPEN TEXT INC., a Delaware corporation,<br><br>    Respondents. | Case No.: 3:15-CV-01234-WHA<br><br>**PETITIONER KEVIN COCHRANE'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO RESPONDENTS' MOTION TO VACATE ARBITRATION AWARD**<br><br>Date: June 11, 2015<br>Time: 8:00 a.m.<br>Courtroom: 8—19th Floor<br>Judge: Hon. William H. Alsup<br><br>Petition Filed: March 16, 2015 |

SKAGGS
FAUCETTE LLP

1

## TABLE OF CONTENTS

2   STATEMENT OF ISSUES TO BE DECIDED.................................................................. 1

3   MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION .................................... 2

4   INTRODUCTION....................................................................................................... 2

5   ARGUMENT ............................................................................................................. 4

6   I.      THE MOTION TO VACATE SHOULD BE DENIED BECAUSE THE PARTIES
            AGREED THAT THE ARBITRATOR HAD THE POWER TO DECIDE HIS
7           OWN JURISDICTION WHEN THEY ADOPTED THE AAA COMMERCIAL
            ARBITRATION RULES ...................................................................................... 4
8
    II.     THE MOTION TO VACATE SHOULD BE DENIED BECAUSE
9           RESPONDENTS HAVE NOT AND CANNOT DEMONSTRATE THAT THE
            AWARD WAS "COMPLETELY IRRATIONAL" ....................................................... 7
10
    III.    THE PETITION TO CONFIRM THE ARBITRATION AWARD SHOULD BE
11          GRANTED AND JUDGMENT ENTERED AS REQUESTED ......................................... 9

12  CONCLUSION ........................................................................................................ 10

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

<u>Cases</u>

*Bosack v. Soward*, 586 F.3d 1096 (9th Cir. 2009) ............................................................ 8

*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995) ................................ 5

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987 (9th Cir. 2003) ................... 9

*Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634 (9th Cir. 2010) ..................... 8

*May v. Amgen, Inc.*, No. 12-01367-WHA, 2012 WL 2196151 (N.D. Cal. June 14, 2012) ......... 3, 4

*Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d 1069 (9th Cir. 2013).............................. 5, 6

*Pack Concrete, Inc. v. Cunningham*, 866 F.2d 283 (9th Cir. 1989)................................................. 6

*Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187 (9th Cir. 2004)................................... 9

*Schoenduve Corp. v. Lucent Technologies, Inc.*, 442 F.3d 727 (9th Cir. 2006) ........................ 6, 9

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp*, 559 U.S. 662 (2010) ................................................ 8

*Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210 (5th Cir. 1993) ......................................... 6

*Zenelaj v. Handybook, Inc.*, No. 14-cv-05449-TEH, 2015 WL 971320 (N.D. Cal. March 3, 2015).................................................................................................................................. 6

<u>Statutes</u>

9 U.S.C. §§ 9-11................................................................................................................. 9

SKAGGS
FAUCETTE LLP

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Petitioner Kevin Cochrane and Respondents Open Text Corporation and Open Text Inc. (collectively, "Open Text") clearly and unmistakably agreed that the arbitrator should determine his own jurisdiction when they expressly agreed in the Employment Agreement that any dispute would be decided pursuant to the American Arbitration Association's rules governing commercial arbitration in effect at the time of the arbitration.

2.      Whether the Arbitrator's Final Award of $438,000 in Variable Compensation, plus pre-Award and post-Award interest, and all Arbitrator's and Administrator's costs and fees "draws its essence" from the Employment Agreement between Cochrane and Open Text and therefore should be confirmed because it is *not* "completely irrational."

3.      Whether the Final Award should be confirmed and judgment entered against Open Text in the amount of the $438,000 plus pre-award and post-award interest at the rate of 6% per annum from August 14, 2014 plus administrative fees and costs of $14,556.87.

SKAGGS
FAUCETTE LLP

MPA IN OPPOSITION TO MOTION TO VACATE:          CASE NO.:  3:15-CV-01234-WHA

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION**

2

**INTRODUCTION**

3       Open Text is a publicly traded company with a market capitalization of nearly $6 billion.

4   In late 2012, Open Text hired Kevin Cochrane to be its Chief Marketing Officer.  Open Text and

5   Cochrane memorialized the terms of Cochrane's employment in a lengthy and detailed

6   Employment Agreement.  Declaration of Darryl Stein in Support of Respondents' Motion to

7   Vacate Arbitration Award ("Stein Decl.") [Dkt. No. 28] Ex. 2.  The Employment Agreement

8   contained substantive provisions regarding Cochrane's compensation, how Cochrane or Open

9   Text might end Cochrane's employment, and the separation payments that would be due to

10  Cochrane if his employment ended.  The Employment Agreement also contained an arbitration

11  clause whereby Open Text and Cochrane agreed to arbitrate any disagreement or dispute between

12  them with respect to the Employment Agreement.

13      On April 14, 2014, Cochrane gave notice of his intent to terminate his employment

14  pursuant to the terms of the Employment Agreement, and approximately two weeks later, Open

15  Text confirmed that the Employment Agreement governed Cochrane's separation and that

16  Cochrane's date of separation would be 90 days from his notice date, i.e. July 14, 2014.  Open

17  Text, however, rejected the express requirement in the Employment Agreement that it pay the

18  "Variable Compensation" portion of the "Accrued Payments" owed to Cochrane.  After an effort

19  to negotiate with Open Text failed, Cochrane demanded arbitration of this issue pursuant to the

20  arbitration clause in the Employment Agreement.  In the ensuing arbitration, the Arbitrator found

21  that the Employment Agreement governed the dispute, that Open Text was required to pay

22  Variable Compensation, and that Cochrane was due an award of $438,000 plus pre-award and

23  post-award interest at the rate of 6% per annum from August 14, 2014 plus administrative fees and

24  costs of $14,556.87.  Open Text seeks to vacate this award based on two arguments, both of which

25  lack any merit.

26      *First*, Open Text argues that the Arbitrator lacked jurisdiction to determine the scope of the

27  arbitration—and in particular whether the parties had agreed to arbitrate the issue of the amount of

28

**SKAGGS FAUCETTE** LLP

MPA IN OPPOSITION TO MOTION TO VACATE:                    CASE NO.:  3:15-CV-01234-WHA

Variable Compensation owed to Cochrane.  Open Text is wrong.  The Employment Agreement specifically states that the parties would arbitrate any dispute "pursuant to the American Arbitration Association's (the "AAA") rules governing commercial arbitration in effect at the time of the arbitration, except as modified herein."  While the arbitration clause contained some express modifications of the AAA's rules, it did not modify the rule giving to the arbitrator the authority to determine his or her own jurisdiction.  Thus, the parties expressly incorporated that rule into their agreement.  It is well settled in the Ninth Circuit and this District that parties incorporating such AAA rules clearly and unmistakably agree to *arbitrate* the scope of any arbitration.  Thus, Open Text's first argument in support of its motion to vacate has no merit and should be rejected.  Section I, *infra*.

*Second*, Open Text argues that the award of Variable Compensation should be vacated because it was "completely irrational."   Open Text does not come close to meeting this demanding standard.  Open Text's argument attacks the Arbitrator's finding that paragraph 6(a)(i) of the Employment Agreement required Open Text to pay "Variable Compensation" (as defined in the Employment Agreement) to Cochrane for the entire fiscal year prior to his separation date.  Based on the evidence and testimony submitted by the parties, the Arbitrator determined that Open Text owed Cochrane a total of $438,000 in Variable Compensation.  Open Text argues that this award was "completely irrational" based on provisions in the Incentive Compensation Agreement ("ICA"), and that the Arbitrator should have referred the question of how much Variable Compensation was owed to Cochrane to the Open Text Compensation Review Board.  To even credit this argument as relevant requires the Court to deviate from its limited role under section 10 of the Federal Arbitration Act (the "FAA") and to inquire into the *merits* of the Arbitrator's decision.  As this Court has itself stated previously, "Courts do not consider whether the arbitrator's finding is correct."  *May v. Amgen, Inc.*, No. 12-01367-WHA, 2012 WL 2196151, *7 (N.D. Cal. June 14, 2012).

Nonetheless, the record here confirms that the Arbitrator's findings were not only rational, but also entirely correct:  As an initial matter, Cochrane did not claim that Open Text breached the

SKAGGS
FAUCETTE LLP

1  ICA, nor did Cochrane demand arbitration of a dispute arising out of the ICA.  To the contrary,

2  Cochrane claimed that Open Text breached the Employment Agreement, and he demanded

3  arbitration of his claim for Variable Compensation arising solely out of the Employment

4  Agreement.  The Arbitrator concluded that the ICA did not supersede the Employment

5  Agreement, that the Employment Agreement governed the dispute between the parties, that the

6  Employment Agreement provided the Arbitrator with jurisdiction to determine both entitlement

7  and quantum of compensation owed, and, finally, that, pursuant to the terms of the Employment

8  Agreement, Cochrane was owed Variable Compensation in the amount of $438,000.  All of these

9  findings by the Arbitrator draw their essence from the terms of the Employment Agreement.

10  Nothing in the Arbitrator's Final Award can be held to be "completely irrational" as asserted by

11  Open Text, and this argument should also be rejected.  Section II, *supra*.

12       Finally, in the arbitration clause, the parties agreed that "[t]he final decision of the

13  arbitrator . . . will constitute a conclusive determination of the issue in question, binding upon the

14  parties, without right of appeal."  Stein Decl. Ex. 2 at ¶12.  Despite this unequivocal agreement,

15  "the losing side simply refuses to accept the outcome" of the arbitration.  *See Amgen, Inc.*, 2012

16  WL 2196151 at *7.  This refusal, however, does not provide "proper grounds for vacating an

17  arbitration award under the act."  *Id.*  The Court should deny this motion and enter judgment in

18  favor of Cochrane as requested in the Petition.  Section III, *infra*.

19                                                **ARGUMENT**

20  **I.    THE MOTION TO VACATE SHOULD BE DENIED BECAUSE THE PARTIES
          AGREED THAT THE ARBITRATOR HAD THE POWER TO DECIDE HIS OWN
21        JURISDICTION WHEN THEY ADOPTED THE AAA COMMERCIAL
          ARBITRATION RULES**
22

23       Open Text's first argument in support of its motion to vacate is that the Arbitrator lacked

24  the jurisdiction to determine the amount of variable compensation owed to Cochrane under the

25  Employment Agreement.  This argument hinges on Open Text's assertion that the parties did not

26  agree to submit the question of arbitrability to the arbitrator.  This assertion is simply wrong.  The

27  parties *did* clearly and unmistakably agree to submit the question of arbitrability to the arbitrator

28

**SKAGGS
FAUCETTE**LLP

1  when they expressly incorporated the AAA Commercial Arbitration Rules into their arbitration

2  agreement.  Thus, the Court should defer to the Arbitrator's decision that the parties agreed to

3  arbitrate the amount of Variable Compensation owed by Open Text, and the rest of Open Text's

4  argument on this issue is irrelevant.

5        In *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995), the Supreme Court

6  addressed the question of whether a court or an arbitrator has the primary authority to decide the

7  arbitrability of a dispute.  *Id.* at 942.  The court noted that the answer to this question is of critical

8  importance because an arbitrator's decision (unlike that of a court) can be set aside "only in very

9  unusual circumstances."  *Id.*  The court held that the answer to this "'who' question (*i.e.,* the

10  standard-of-review question) is fairly simple" and that it "turns upon what the parties agreed about

11  *that* matter."  *Id.* at 943 (emphasis in original).  The court then held that deciding this issue

12  required an inquiry into "whether the parties objectively revealed an intent to submit the

13  arbitrability issue to arbitration."  *Id.* at 944.

14        Here, the arbitration clause in the Employment Agreement between Cochrane and Open

15  Text stated that the arbitration would be "conducted . . . pursuant to the American Arbitration

16  Association's (the 'AAA') rules governing commercial arbitration in effect at the time of the

17  arbitration, except as modified herein."  Stein Decl. Ex. 2 at ¶12.  AAA's Commercial Arbitration

18  Rule R-7 Jurisdiction states that "[t]he arbitrator shall have the power to rule on his or her own

19  jurisdiction, including any objections with respect to the existence, scope, or validity of the

20  arbitration agreement or to the arbitrability of any claim or counterclaim."  Declaration of Jeffrey

21  E. Faucette in Support of Kevin Cochrane's Opposition to Motion to Vacate Arbitration Award

22  Ex. 1 at 13 (AAA Commercial Arbitration Rules effective October 1, 2013).  In the Employment

23  Agreement, the parties agreed to certain limitations regarding discovery, timing and the location of

24  the arbitration, but they did not deviate from the AAA rules regarding the issue of who determines

25  arbitrability.  The parties incorporated Rule R-7 into their arbitration agreement, and therefore

26  they clearly and unmistakably indicated that they intended to submit to the arbitrator any dispute

27  over arbitrability or jurisdiction.  *See Oracle America, Inc. v. Myriad Group A.G.*, 724 F.3d 1069,

28

SKAGGS
FAUCETTE LLP

1  1075 (9th Cir. 2013).[1]

2       In *Oracle America*, the Ninth Circuit held that incorporation by reference of rules

3  analogous to the AAA rules delegated jurisdictional questions to the arbitrator. *Id.* at 1073-75.

4  The Ninth Circuit noted that "[v]irtually every circuit to have considered the issue has determined

5  that incorporation of the American Arbitration Association's (AAA) arbitration rules constitutes

6  *clear and unmistakable evidence* that the parties agreed to arbitrate arbitrability." *Id.* at 1074

7  (emphasis added). In a recent decision following *Oracle America*, a court in this district found

8  that where AAA rules are incorporated in an arbitration agreement, "nearly every subsequent

9  decision in the Northern District of California, . . . has consistently found effective delegation of

10  arbitrability regardless of the sophistication of the parties." *Zenelaj v. Handybook, Inc.*, No. 14-

11  cv-05449-TEH, 2015 WL 971320, *3 (N.D. Cal. March 3, 2015). This Court should likewise find

12  that the parties here clearly and unmistakably intended to delegate the power to decide arbitrability

13  to the Arbitrator. As a result, "the arbitrator's interpretation of the scope of his powers is entitled

14  to the same level of deference as his determination on the merits." *Schoenduve Corp. v. Lucent*

15  *Technologies, Inc.*, 442 F.3d 727, 733 (9th Cir. 2006) (citing *Pack Concrete, Inc. v. Cunningham*,

16  866 F.2d 283, 285 (9th Cir. 1989) and *Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210, 213

17  (5th Cir. 1993) ("In determining whether the arbitrator exceeded his jurisdiction, we resolve all

18  doubts in favor of arbitration.")).

19       Here, the parties agreed that "[i]f there is a disagreement or dispute between the parties

20  with respect to th[e Employment] Agreement or the interpretation thereof, such disagreement or

21  dispute will be referred to binding arbitration . . . ." Stein Decl. Ex. 2 at ¶12. Cochrane's Demand

22  for Arbitration was based on Open Text's failure to pay to him the variable compensation portion

23  of the "Accrued Payments" required by paragraph 6(a)(i) of the Employment Agreement—a

24  dispute Open Text must concede was one "with respect to th[e Employment] Agreement." The

25  

26  [1] The Arbitrator cited Rule 7 in the Final Award when he rejected Open Text's objection to him

27  deciding the "quantum" issue in the arbitration. Petitioner Kevin Cochrane's First Amended
Petition to Confirm Arbitration Award and Enter Judgment Against Respondents Open Text

28  



Arbitrator found that the Employment Agreement governed the relationship between the parties

and required payment of variable compensation to Cochrane under paragraph 6(a)(i).  Amended

Petition Ex. A at 3.  The Arbitrator rejected Open Text's argument that the ICA "superseded" the

Employment Agreement and deprived him of jurisdiction to determine quantum.  *Id.*  This

conclusion was based in part on Open Text's own pre-dispute concession that the Employment

Agreement governed Cochrane's termination.  *Id.*; *see also* Stein Decl. Ex. 3.[2]  The Arbitrator then

considered the evidence submitted by the parties regarding the quantum of variable compensation

and reached his conclusion regarding the award to be made to Cochrane.

## II.  THE MOTION TO VACATE SHOULD BE DENIED BECAUSE RESPONDENTS HAVE NOT AND CANNOT DEMONSTRATE THAT THE AWARD WAS "COMPLETELY IRRATIONAL"

Open Text's second argument in support of its motion to vacate is that the Arbitrator's

award was "completely irrational" because it allegedly failed to "draw its essence" from the

Employment Agreement.  This argument is divorced from reality and should be disposed of by the

Court in short order.

In *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634 (9th Cir. 2010), the

_____

[2] In its motion, Open Text attacks the Arbitrator's reference to Open Text's May 2 letter in support of his finding that the Employment Agreement governs Cochrane's termination and the separation payments owed.  Memorandum of Points and Authorities in Support of Motion to Vacate Arbitration Award ("Open Text MPA") [Dkt. No. 27] at 8.  Even if this argument could provide a basis for the motion (and it cannot, because an arbitrator's evidentiary findings are not subject to review under the FAA), it is baseless.  At the hearing, the parties provided argument and testimony regarding their proffered interpretations of the Employment Agreement.  Cochrane noted that prior to the dispute arising, Open Text had itself acknowledged that *it* believed the Employment Agreement governed when it sent the letter at issue to Cochrane stating "[e]xcept as provided herein, the terms and conditions of the Employment Agreement shall govern the obligations of the parties with respect to your Separation from Service."  Stein Decl. Ex. 3.  This letter also stated that it was Open Text's position that Cochrane would receive the "Accrued Payments as provided in Section 6(c) of the Employment Agreement, *except*" that Open Text was unilaterally limiting the Variable Compensation due to Cochrane.  *Id.* (emphasis added).  Nowhere in this letter did Open Text cite the ICA.  As Cochrane argued to the Arbitrator, such pre-dispute communications are relevant to the interpretation of a contract at issue.  Thus, while even addressing these issues goes far beyond the scope of what is permitted by the FAA in this context, it is still the case that the Arbitrator's ruling was correct.



Ninth Circuit stated that the "completely irrational" standard "is a high standard for vacatur; '[i]t is not enough . . . to show that the panel committed an error—or even a serious error.'" *Id.* at 641 (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp*, 559 U.S. 662, 671 (2010)). The court held that an arbitration award is "completely irrational" only when it "fails to draw its essence from the agreement." *Lagstein*, 607 F.3d at 642. Previously, in *Bosack v. Soward*, 586 F.3d 1096 (9th Cir. 2009), the Ninth Circuit held that an award "draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions." *Id.* at 1106. In *Bosack*, the court also held that under this standard of review, it would not determine whether the arbitrator rightly or wrongly interpreted the contract, that it would "not vacate an award simply because [the court] might have interpreted the contract differently," and that "an award may not be vacated even where there is a clearly erroneous finding of fact." *Id.*

Open Text has not and cannot meet this high standard for vacatur because the award here expressly draws its essence from the Employment Agreement. In paragraph 2(b) of the Employment Agreement, Open Text agreed that Cochrane would receive an annual bonus (called "Variable Compensation") "with a target amount of US$200,000 (the 'Target Bonus'), based on the achievement of annual individual and Parent Corporation performance objectives established by the Board . . . ." Stein Decl. Ex. 2 at ¶2(b). In paragraph 6(a)(i) of the Employment Agreement, Open Text agreed to make certain "Accrued Payments" to Cochrane in the event he voluntarily terminated his employment. *Id.* at ¶6(a)(i). These "Accrued Payments" included, *inter alia*, "any Variable Compensation earned by the Executive for the fiscal year prior to the year in which the Date of Separation from Service has occurred *but not yet paid prior to the Date of Separation from Service*." *Id.* (emphasis added). The Arbitrator's award draws its essence from these express provisions of the Employment Agreement. The Arbitrator then used evidence submitted by the parties regarding the "annual individual and Parent Corporation performance objectives" referred to in paragraph 2(b) of the Employment Agreement and evidence submitted by the parties regarding Open Text's revenues and operating income to calculate the amount of

SKAGGS FAUCETTE LLP

Variable Compensation due to Cochrane.[3]  These findings by the Arbitrator draw their essence from the terms of the Employment Agreement, and they are not subject to review by this Court. The motion to vacate should be denied on this ground.

### III.  THE PETITION TO CONFIRM THE ARBITRATION AWARD SHOULD BE GRANTED AND JUDGMENT ENTERED AS REQUESTED

On March 16, 2015, Cochrane filed his Petition to Confirm Arbitration Award and Enter Judgment Against Respondents Open Text Corporation and Open Text Inc. [Dkt. No. 1].[4] Respondents have answered the Petition and filed this Motion to Vacate.  After the Court denies this motion to vacate, the only remaining action to take in this matter is to confirm the award and enter judgment.

As the Ninth Circuit has opined many times, review of an arbitration award is "'both limited and highly deferential.'"  *Schoenduve*, 442 F.3d at 730 (quoting *Poweragent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004).  When presented with an arbitration award, federal courts must confirm the award unless it can be vacated, modified, or corrected as prescribed by the FAA.  *Id.* at 731 (citing 9 U.S.C. §§ 9-11 and *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 1000 (9th Cir. 2003) (en banc)).  Since there are no valid grounds on which to vacate, modify or correct the Arbitrator's award, the Court should enter judgment confirming it as requested in the Petition.

---

[3] There was no dispute about the amount of Open Text's revenues and operating income.  There was a dispute about whether Open Text had revised its targets for these metrics and what multiplier should be used to arrive at Cochrane's Variable Compensation.  For the reasons stated in the Final Award, the Arbitrator rejected evidence proffered by Open Text in an effort to reduce the amount of compensation due to Cochrane and instead credited the evidence submitted by Cochrane.  These findings are entirely within the province of the Arbitrator and are not subject to review by this Court pursuant to the FAA.

[4] After confirming that Open Text did not assert that the Final Award contained confidential information, Cochrane filed his Amended Petition [Dkt. No. 4] on March 30, 2015 attaching the Final Award as Exhibit A thereto.  There were no other changes to the Petition.

1

**CONCLUSION**

2    For all of the foregoing reasons, the Court should deny the Motion to Vacate Arbitration

3  Award and the Court should grant the Petition to Confirm the Arbitration Award and enter

4  judgment in favor of Petitioner Kevin Cochrane as requested in the Petition.

5
6  Dated: May 14, 2015                         SKAGGS FAUCETTE LLP

7

8                                              By: _____/s/_____

9                                                        Jeffrey E. Faucette
                                               Attorneys for Petitioner KEVIN COCHRANE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SKAGGS
FAUCETTE LLP